**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JORDAN RODRIGUEZ

     Petitioner,

v.

                                 Civil Case No. 8:25-cv-314-WFJ-TGW
                                 Crim. Case No. 8:18-cr-205-WFJ-TGW

UNITED STATES OF AMERICA,

     Respondent.

_____

### **ORDER**

In this action under 28 U.S.C. § 2255, Jordan Rodriguez moves to vacate his convictions and life sentence for conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, possession with intent to distribute controlled substances, and related crimes. (Civ. Doc. 1; Crim. Doc. 475)  He alleges that counsel rendered constitutionally ineffective assistance during both the trial and sentencing. An earlier order directs the United States to respond to the § 2255 motion by April 14, 2025. (Civ. Doc. 3)

Rodriguez now files a motion for discovery in which he seeks to obtain a variety of exhibits and records. (Civ. Doc. 4)  Habeas petitioners are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, the court has discretion to grant discovery for "good cause" under Rule 6(a) of the Rules Governing § 2255 Proceedings.  *United States v. Cuya*, 964 F. 3d 969, 973 (11th Cir. 2020).  Good cause is shown "where specific allegations before the court show

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy*, 520 U.S. at 908–09.  There is a "general admonition against allowing federal prisoners to use discovery in habeas proceedings as a fishing expedition." *Cuya*, 964 F.3d at 974.

First, Rodriguez seeks the United States' Exhibit 39, which is a Google map that shows camera locations.  He argues that counsel failed to conduct an independent investigation or hire experts to investigate the camera angles. (Civ. Doc. 4 at 2–3) Rodriguez's request is **DENIED WITHOUT PREJUDICE**.  Exhibit 39 may support the argument contained in Rodriquez's memorandum that "video footage from various pole cameras set up by the government was unconstitutional." (Civ. Doc. 2 at 3)  However, the United States has not yet responded to the § 2255 motion, and Rodriguez may obtain records from trial counsel.  R. Regulating Fla. Bar. 4-1.16(d).

Second, Rodriguez seeks the phone logs subpoenaed by the United States.  He argues the logs will show "the calls made from and to phones in question and not just that of ones the government used." (Civ. Doc. 4 at 3)  Rodriguez's request is **DENIED WITHOUT PREJUDICE**.  Rodriguez neglects to show that he may be able to demonstrate he is entitled to relief if facts concerning the phone logs are fully developed.  Again, he may obtain the phone logs from trial counsel.

Third, Rodriguez requests the written jury instructions and verdict form.

2

(Civ. Doc. 4 at 3)  Rodriguez's request is **GRANTED**.  The Clerk is **DIRECTED** to enclose with this order a copy of the Court's Instructions to the Jury (Crim. Doc. 403) and the Verdict (Crim. Doc. 404).

Fourth, Rodriguez request the "DVR of witness Shalynn Dutton from home, or camera footage and items seized from search of her home."     (Civ. Doc. 4 at 4) Rodriguez' request is **DENIED WITHOUT PREJUDICE**.  He neglects to show that he may be able to demonstrate he is entitled to relief if facts concerning witness Shalynn Dutton are fully developed.  Again, he may request these items from counsel.

Accordingly, Rodriguez's motion for discovery is **GRANTED** to the extent the Clerk is directed to send to Rodriguez a copy of the Court's Instructions to the Jury and the Verdict. (Crim. Docs. 403 and 404) Rodriguez's motion is **DENIED WITHOUT PREJUDICE** with respect to his remaining requests.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**